UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIGUEL A. BARRON, JR.,

    Petitioner,                                              Case No. 15-11768

v.                                                            HON. AVERN COHN

DUNCAN MACLAREN,

    Respondent.
_____/

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

**I.  Introduction**

This is a habeas case under 28 U.S.C. § 2254.[1]  Petitioner Miguel A. Barron, Jr., (Petitioner), is a state inmate serving a nonparolable life sentence for first-degree murder, M.C.L. § 750.316, and two years for felony-firearm, M.C.L. § 750.227b.  In his

---

[1] Petitioner filed the petition under the All-Writs Act, 28 U.S.C. § 1651.  However, 28 U.S.C. § 2254 is "the exclusive vehicle" for prisoners who are in custody pursuant to a state court judgment who challenge anything affecting the legality of custody.  See Greene v. Tennessee Dep't of Corr., 265 F. 3d 369, 371 (6th Cir. 2001)(quoting Walker v. O'Brien, 216 F. 3d 626, 633 (7th Cir. 2000)).  By contrast, the All-Writs Act is not an independent source of federal jurisdiction to issue writs, but only authorizes a federal court to issue a writ in aid of their jurisdiction. See Baze v. Parker, 632 F.3d 338, 345 (6th Cir. 2011).  The All Writs Act may not be used to evade the strictures of section 2254.  See Brennan v. Wall, 100 F. App'x 4 (1st Cir. 2004); see also Haliburton v. United States, 59 F. App'x 55, 57 (6th Cir. 2003).  Because Petitioner is requesting immediate release from his conviction, this action is properly construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254.  See e.g. Simpson v. Caruso, 355 F. App'x 927, 930 (6th Cir. 2009).

pro se application, Petitioner says that his conviction should be vacated because he was denied counsel at the initial arraignment on the warrant. For the reasons that follow, the petition will be dismissed because it fails to state a claim upon which habeas relief may be granted.

## II. Procedural History

Petitioner was arraigned before a state magistrate judge in Flint, Michigan. Petitioner did not have an attorney at his initial arraignment on the warrant. Petitioner was ultimately convicted by a jury in Genesee County Circuit Court. Petitioner's conviction was affirmed on appeal. However, the Michigan Court of Appeals remanded for correcting the judgment of sentence to reflect that Petitioner was convicted of first-degree murder under alternative theories of premeditation and felony-murder. People v. Barron, No. 214637, 2000 WL 33391094 (Mich. Ct. App. Dec. 15, 2000). Petitioner then filed the instant petition.

## III. Analysis

### A.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. McFarland v. Scott, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief.

See Carson v. Burke, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

**B.**

Petitioner claims that he was denied his Sixth Amendment right to counsel because he was not represented by an attorney at his initial arraignment on the warrant before the state magistrate judge. This claim is not a basis for habeas relief.

"It is beyond dispute that '[t]he Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process.' " Marshall v. Rodgers, —— U.S. ——, ——, 133 S.Ct. 1446, 1449 (2013) (per curiam) (quoting Iowa v. Tovar, 541 U.S. 77, 80–81 (2004)). The right to counsel generally applies to "the first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty." Rothgery v. Gillespie Cnty., Tex., 554 U.S. 191, 194 (2008).

Critical stages include those in which: (1) available defenses may be irretrievably lost, if not then and there asserted, (2) rights may preserved or lost, (3) counsel's assistance is necessary to mount a meaningful defense, (4) potential substantial prejudice may result to the defendant's case without counsel's assistance, or (5) the proceeding holds significant consequences for the accused. Van v. Jones, 475 F.3d 292, 312 (6th Cir. 2007).

Even assuming that Petitioner's right to counsel was violated at the arraignment, he is not entitled to habeas relief because he has not stated how he was prejudiced. With respect to an arraignment, the Supreme Court has held holds that the denial of counsel required automatic reversal without any harmless-error analysis in only two

3

situations: (1) when defenses not pled at arraignment were irretrievably lost, Hamilton v. Alabama, 368 U.S. 52, 53–54 (1961); and (2) when a full admission of guilt entered at an arraignment without counsel was later used against the defendant at trial, despite subsequent withdrawal. White v. Maryland, 373 U.S. 59, 60 (1963) (per curiam). Petitioner has not alleged any harm by the absence of counsel at his initial arraignment or that he made an incriminating statement at the arraignment on the warrant, entered a plea of guilty, or lost or waived any defense. As such, he fails to state a claim for habeas relief. Coleman v. Alabama, 399 U.S. 1, 11 (1970); Takacs v. Engle, 768 F.2d 122, 124 (6th Cir.1985) ; Doyle v. Scutt, 347 F. Supp. 2d 474, 481 (E.D. Mich. 2004). Moreover, an arraignment on a warrant in Michigan is not considered a critical stage of the proceedings at which counsel is required by the Sixth Amendment. See Lundberg v. Buchkoe, 389 F.2d 154, 158 (6th Cir.1968).

    Overall, Petitioner's claim is subject to summary dismissal, as other courts in this district have similarly found. See Miller v. Haas,Slip Copy, 2015 WL 457787 (E.D. Mich. Feb.3, 2015); Giles v. Haas, 2014 WL 4965945 (E.D. Oct. 2, 2014); Tillman v. Haas, 2015 WL 457743 (E.D. Mich. Feb. 3, 2015); Mills v. Maclaren, 2015 WL 1966859 (E.D. Mich. Apr. 30, 2015)

### IV. Conclusion

    For the reasons stated above, the petition is DISMISSED. Further, Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claim. Accordingly, the Court DECLINES to issue a certificate of appealability under 28

U.S.C. § 2253(c)(2).[2]  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).   SO ORDERED.

                                                S/Avern Cohn
                                                AVERN COHN
                                                UNITED STATES DISTRICT JUDGE

Dated: June 1, 2015
      Detroit, Michigan

---

[2] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.