UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIGUEL A. BARRON, JR.,

    Petitioner,                                                                 Case No. 15-11768

v.                                                                                     HON. AVERN COHN

DUNCAN MACLAREN,

    Respondent.
_____/

### ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (Doc. 7)

**I.**

This is a habeas case under 28 U.S.C. § 2254.[1] Petitioner Miguel A. Barron, Jr., (Petitioner), a state inmate, claimed that his conviction for first degree murder and felony firearm should be vacated because he was denied counsel at his initial arraignment on the warrant. The Court dismissed the petition because Petitioner's claim failed to state a claim upon which habeas relief may be granted. (Doc. 5).

Before the Court is Petitioner's motion for relief from judgment. For the reasons that follow, the motion is DENIED.

---

[1] As explained in the dismissal order, Petitioner filed the petition under the All-Writs Act, 28 U.S.C. § 1651. However, 28 U.S.C. § 2254 is "the exclusive vehicle" for prisoners who are in custody pursuant to a state court judgment who challenge anything affecting the legality of custody. See Greene v. Tennessee Dep't of Corr., 265 F. 3d 369, 371 (6th Cir. 2001)(quoting Walker v. O'Brien, 216 F. 3d 626, 633 (7th Cir. 2000)). Because Petitioner requested immediate release, the Court construed the matter as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

II.

Rule 60(b) of the Federal Rules of Civil Procedure offers losing parties limited grounds for relief from judgments. GenCorp, Inc. v. Olin Corp., 477 F.3d 368, 372 (6th Cir. 2007). Under the rule, a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

Petitioner contends that relief is warranted under 60(b)(4). He contends that the state court judgment is "void" because he did not have counsel at his arraignment. The Court considered and rejected this argument in dismissing the petition. As previously explained, an arraignment on a warrant in Michigan is not considered a critical stage of the proceedings at which counsel is required by the Sixth Amendment. Moreover, Petitioner cannot show any prejudice as a result of not having counsel at his arraignment.

III.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007)

2

(stating that "this prerequisite [a COA] is consistent with the language of section 2253, and therefore hold that [a Petitioner] must obtain a certificate of appealability before his appeal of the denial of his Rule 60(b)).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Reasonable jurists would not debate the Court's conclusion that Petitioner is not entitled to relief under Rule 60(b).  Accordingly, a COA is DENIED.

Finally, the Court also certifies under 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: July 16, 2015
       Detroit, Michigan